Annice DECAROLIS and Dominick
DeCarolis, Plaintiffs–
Appellants,

v.

TOWN OF VIENNA, Stephen Carpenter,
Marilyn Holman, H. Richard Collins,
Mark Murray, Gary Nasby, and Mi-
chael Piper, Defendants–Appellees.

No. 07–2030–cv.

United States Court of Appeals,
Second Circuit.

April 8, 2009.

Annice DeCarolis and Dominick DeCar-
olis, Blossvale, NY, pro se.

Frank W. Miller, East Syracuse, NY, for
Appellee.

PRESENT: Hon. JOSÉ A.
CABRANES, Hon. PETER W. HALL,
Circuit Judges, Hon. ROBERT W.
SWEET,* District Judge.

### SUMMARY ORDER

Plaintiffs Annice and Dominick DeCarol-
is appeal from a May 7, 2007 judgment of
the United States District Court for the
Northern District of New York (David N.
Hurd, *Judge* ), dismissing their complaint
for failure to prosecute. We assume the
parties' familiarity with the facts and pro-
cedural history of this case.

■ We review *de novo* a district
court's dismissal of a complaint pursuant
to Federal Rule of Civil Procedure
12(b)(6), "construing the complaint liberal-
ly, accepting all factual allegations in the
complaint as true, and drawing all reason-
able inferences in the plaintiff's favor."

---

* The Honorable Robert W. Sweet, of the United
States District Court for the Southern District
of New York, sitting by designation.

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir.2002). Plaintiffs alleged that they were improperly cited under an anti-clutter law in July 2002 and October 2002 and that the Town of Vienna conducted a hearing on one of these citations in April 2003. All of these actions, including the April 2003 hearing, fall outside the three-year statue of limitations applicable to the December 2006 complaint, and are therefore time-barred. *See Connolly v. McCall*, 254 F.3d 36, 40–41 (2d Cir.2001) ("[F]ederal constitutional claims, brought pursuant to 42 U.S.C. § 1983, are governed by New York's three-year statute of limitations for personal injury actions, as well as the state's tolling rules."); N.Y. C.P.L.R. 214(5) (three-year statute of limitations for personal injury actions).

■ Similarly, the pendant state claims were properly dismissed. New York's Town Law § 67 requires that a claim against a town be served in compliance with section 50–e of the General Municipal Law, which requires a plaintiff to serve a notice of claim within 90 days after the claim arises. Such state notice-of-claim statutes apply to state law claims in federal court. *See Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir.1999) ("[I]n a federal court, state notice-of-claim statutes apply to *state*-law claims."). There is no record or allegation that such notice had been submitted, thus barring plaintiffs' state law claims.

We have reviewed plaintiffs' remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED.** To the extent Appellants request appointment of counsel, the request is **DENIED,** as the claims on appeal lack merit.